INTERNATIONAL BREWERIES, INC., APPELLANT, *v.* CROUCH, DIR. OF LIQUOR CONTROL, ET AL., APPELLEES.*

---

*Motion to certify the record overruled (38044), May 15, 1963.

(No. 6945—Decided January 15, 1963.)

*Mr. Isadore Topper, Messrs. Cross, Wrock, Miller, Vieson & Kelley* and *Mr. Richard Newton,* for appellant.

*Mr. Mark McElroy* and *Mr. William B. Saxbe,* attorneys general, *Mr. Michael Kouskouris* and *Mr. William J. Davis,* for appellees.

DUFFEY, J. This is an appeal from an order of the Common Pleas Court of Franklin County, dismissing appellant's petition for a declaratory judgment.

Regulation 45 of the Board of Liquor Control provides:

"Premium or gift merchandising in connection with the solicitation, advertising or sale of alcoholic beverages is prohibited."

The appellant holds Class A-1, B-1 and B-5 permits issued by the Department of Liquor Control. It has and intends in the future to put into effect a plan to pay qualified tax-exempt nonprofit organizations, recognized for deductible charitable contributions by the United States Treasury Department, one-half cent for each bottle cap of its beer and malt beverages distributed in Ohio which is turned over to the appellant by such organizations. It has and intends to advertise this plan.

Appellant's first contention is that this method of merchandising is not "premium or gift merchandising" within the regulation. Under that regulation, the mere fact of a premium or gift, and the fact that it is in connection with merchandising beer, is not enough to make the regulation applicable. For example, a gift of $100,000 to charity, and the advertisement of that fact, might build good will for the company and indirectly contribute to the sale of its product. However, the relationship between the gift, and the purchase or consumption of the

products, would be so remote that the application of the regulation is arguable. The relationship of the gift here to the consumption of the product is very indirect. However, in our opinion it is not so remote as to take the plan outside the regulation.

The court recognizes the age-old dilemma of those who undertake to draft a regulatory measure. Fundamentally, the law requires sufficient definiteness to reasonably apprise persons regulated of what is permitted and what prohibited. In drafting a statute, regulation, or an injunction, ambiguity and indefiniteness can arise either from being too broad or too specific. It should be commented, however, that the Administrative Procedure Act, Chapter 119, Revised Code, clearly enunciates a policy of affording a public hearing and opportunity to object to proposed administrative regulations. This opportunity is not limited to merely legalistic objections. It is a right that should be carefully preserved by the courts. Very broadly-worded regulations which are then "interpreted" can become a device for avoiding the policy objectives of Chapter 119 of the Revised Code and denying to the persons affected their legal right to the opportunity of expressing their views. This case comes uncomfortably close to that line.

The second and third contentions charge the regulation violates the provisions of Section 119.061, Revised Code, effective November 2, 1959 (128 Ohio Laws, 318), and that it is not authorized by Section 4301.03, Revised Code. In our opinion, Section 4301.03, Revised Code, is a specific statute excluded from the operation of Section 119.061, Revised Code, and the regulation here is within the powers granted by Section 4301.03, Revised Code.

We, therefore, conclude that the board has been given the power to regulate advertising in the manner here exercised, that the regulation is reasonable and that it applies to appellant's plan.

Appellee has filed a cross-assignment of error. The assignment was not filed within rule. Essentially, the contention is that the appellant had other adequate remedies, in particular that of appeal, and that the declaratory judgment did not lie.

The primary issue raised by the petition was the interpretation or construction of Regulation 45. That issue, at least,

was a proper one for declaratory judgment proceedings. See Section 2721.03, Revised Code.

The judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

BRYANT, J., concurs.

DUFFY, P. J., dissenting. The purchaser or consumer is not a recipient. Therefore, I do not feel that this plan can be considered "premium or gift merchandising" so as to be prohibited by the regulation.